Colcgck, J.
In considering the first ground in the brief, it is as important, in the first place, to determine on the technical character of the omission in the proceeding which has been amended. By the counsel for the appellant, it is called a defect; such a defect as vitiates the proceeding and is not amendable; while on the other hand it is contended by counsel for the appellee, that it is mere irregularity. In Tidd's Practice 434, it is said, an irregularity may be defined to be the want of adherence to some prescribed rule or mode ©f proceeding; and consists either in omitting to do something that is necessary for the due and orderly conducting of a suit» er in doing it in an unseasonable time or improper manner. Now, according to this definition, the omission in the suggestion must be considered as a mere irregularity. It was at most an omission to insert the words that “other intermediate judgments had been obtained.” When we advert to the doctrine of amendments, and the cases which have been decided on that subject, it will be perceived that the object of the whole system is to provide a remedy for the casual omissions or negligence of the different officers of court; in a word, to enable the party to do that which the law and facts of the case would have authorized, or did require the officers to have done. The decisions on this subject are so numerous, and amendments so common, and I may almost say *145 ¡unlimited, that the difficulty is in selecting such cases as seem most directly to apply to the case before us. In the case of Porteous vs Givens, (2 M'Cord 49,) the court allowed an amendment in the damages laid in the declaration, from ten to one thousand dollars, to adapt it to the finding of the jury. And in the case of Pur key and Toomer, (a) the court were all of opinion that an execution could be amended after a sale had been made under it of lands, when there was no express au--thority to the sheriff to levy on the lands, the usual words having been omitted. It is true, as urged by the appellant’s counsel, that the court will be more circumspect in allowing amendments after judgment, than before. The power of the court, however, is as ample in the one case as in the other. By the 9th Henry V. c. 4. and the 8th Henry VI. c. 12, they are empowered to examiné and amend what they shall think, in their discretion to be the misprision of their clerks in any record, Sic. &tc. and the 8th Henry VI. c. 15, extends this to clerks and other officers. Now, what is asked of the court? To insert some words which it is'admitted may have been in* serted at the time in the suggestion, and which it is contended by the appellant’s counsel are necessary, as being required by the 43rd rule of the court, and the act of 1791, on the subject of forclosing mortgages. It is admitted that all the other necessary facts were stated in the suggestion, and that intermediate judgments had been obtained and were of record in that court. There was then enough to apprize the defend* ant of the object which the plaintiff had in view. The suggestion concludes with a prayer that the court would order a sale of the mortgaged premises; to which the defendant, if he had thought proper may have pleaded. He then must have considered it as a mere irregularity which he waived.
But it was further considered, that if the proceedings were amendable, that the motion ought not to be granted, because there was nothing by which to amend. The judgments being no part of the record. It is said that in compli- *146 anee with the rule on this point, the original writ or bill ifi amendable by the instructions given to the officer; the declara - tion, by the bill; the pleading subsequent to declaration, by the paper, booh, or draft, nnder counsel’s hand; the nisi prius roll, by the plea roll; tlie verdict, whether general or special, by the notes of'the counsel, or even by the affidavit of what was proved on the trial; the judgment by the verdict; and the writ of execution by the judgment, or by the award of it on the roll. (Tidd’s Practice 262.) From which it is obvious that a proceeding may be amended by that which is no part of it,- even by the frail memory of man. If so, it is certainly competent to amend this suggestion by the judgments of record in the court. Indeed, it is difficult to say in what cases amendments may not be made. The counsel for the appellant in referring to those cases, in which the defect was considered so great as to preclude amendment and authorise the court to set aside the proceeding, stated, as one, the case of an action against an executor, charging him in the debet et detinet both. Yet in the case of Richards vs. Brown, (Douglas 46,) and in the case of Short and Coffin, (Burrows 2730) it wras held that a judgment may be amended by changing it from de bonis propriis to de bonis testatoris, &c. &c. which changed the liability of the defendant entirely. If this can be done, it is not easy to perceive any reason why in the case quoted, the court may not have amended by striking out that part of the proceeding which charged the executor in the debet.
On the 2nd ground f know of no power which the court below possesses to admit Mr. Willison to beeome a party to the suggestion, either at the time of making the application, or any other. But if he could be admitted to come in, it certainly would be under some stronger claims to the aid of the court than any which he has as yet exhibited. To entitle himself to relief he must first shew that he had been injured, and that the aid of the court was indispensably, necessary to relieve him. Now, in what does he found a claim even to be heard by the court? Thgt he was on the land and *147 claimed. I would ask, if that might not be urged by every squatter in the country? He is a stranger to the proceeding and his application might well have been rejected on that ground. Tire motion is dismissed.
Harper and Patterson for the motion.
•Martin, contra.

.) 1 Const. Rep. 323.